The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Kim Cramer. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following; which were entered into by the parties at the hearing as:
STIPULATIONS
1. All parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff-employee and defendant-employer on September 27, 1993, and December 29, 1993, the dates of Plaintiff's alleged injuries by accident.
3. Defendant is self-insured, and GAB Business Services, Inc. is the servicing agent.
4. The employer-employee relationship ceased on April 29, 1994 when the nursing assistants section of the Wake County Health Department was disbanded.
5. Plaintiff has reached maximum medical improvement, and she has been given an impairment rating of ten percent (10%) to the left leg.
6. Plaintiff received unemployment benefits for ten (10) weeks in 1994.
7. The issues for determination are:
 a. Whether Plaintiff sustained a knee injury as a result of a compensable injury by accident which arose out of and in the course of her employment on September 27, 1993?
 b. Whether Plaintiff sustained a back injury as a result of a compensable injury by accident which arose out of and in the course of her employment on December 29, 1993?
 c. Whether Plaintiff is entitled to compensation for temporary total disability from April 29, 1994 through August 1, 1994?
 d. Whether Plaintiff is entitled to payment of medical expenses directly related to her alleged injuries by accident?
 e. Whether Plaintiff is entitled to compensation for permanent partial disability?
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On the date of hearing, Plaintiff was a 48 year old divorced female born on April 9, 1947.
2. Plaintiff was employed by Defendant as a nursing assistant and chore worker from June 26, 1992 until April 29, 1994. Plaintiff's normal working hours were from 8:30 am to 5:30 pm, Monday through Friday. Plaintiff's duties were to go into a patient's home and act as a personal nurse. Plaintiff cleaned, cooked, and provided personal care for her patients.
3. On September 27, 1993, Plaintiff, after cleaning kitchen cabinets at the home of Mr. and Mrs. Tommy Smith, stepped down from a chair and her left leg gave way and she felt a pinch in it like a pin being stuck into her leg. Plaintiff did not fall and was able to continue her duties after briefly rubbing her leg. She did not become alarmed because she had always had problems with her knees. Plaintiff did not report this incident to her supervisor, Kathy Linthicum.
4. Plaintiff had problems with her knees prior to September 27, 1993. On February 10, 1983, Plaintiff had bilateral patellar realignment performed on her left knee by Dr. Donald B. Reibel, M.D., and on February 17, 1983, Dr. Reibel performed the same procedure on her right knee.
5. Before having these operations in 1983, Plaintiff had a long history of both knees "popping out of joint" since she first fell in the fourth grade. Consequently, Plaintiff's left knee has gone out many times. Plaintiff's right knee still goes out occasionally, but not nearly as often as the left.
6. On September 27, 1993, Plaintiff did not suffer a compensable injury by accident to her left knee. Plaintiff experienced no unusual occurrence or interruption of her normal work routine when she stepped down off the chair after cleaning the kitchen cabinets.
7. On December 29, 1993, Plaintiff suffered an injury by accident when she slipped and fell on some ice on the Smith's driveway while arriving for work that morning. As Plaintiff was walking from the car to the front door, she slipped and fell on a sheet of ice, cut her wrist, and struck her head and back on the concrete driveway. After lying there for ten minutes, Plaintiff got up and walked into the house. Plaintiff reported this injury by accident to her supervisor, Kathy Linthicum, that morning.
8. On the afternoon of December 29, 1993, Plaintiff first sought medical treatment for her head and back from Urgent Care of Garner, but she was referred for further treatment to Western Wake Medical Center, where x-rays were taken. These x-rays were negative for any evidence of fracture or other cervical spine injury, and they also showed early degenerative disc disease at C4-5 and C5-6.
9. Following her fall of December 29, 1993, plaintiff missed one week of work. The evidence fails to establish that she missed any other time from work due to her fall and the resulting minor injuries.
10. Plaintiff sought no further medical attention until she was involved in a motor vehicle accident on February 25, 1994 in which her vehicle was struck from behind at a low rate of speed. Plaintiff was taken by ambulance to Western Wake Medical Center for treatment.
11. As a result of the injury by accident on December 29, 1993, Plaintiff sustained neck and back pain and a cut to the wrist which necessitated the medical treatment rendered at Western Wake Medical Center on December 29, 1993.
12. The medical evidence of record fails to prove, by the greater weight, that Plaintiff's complaints of back pain following her February 25, 1994 motor vehicle accident are causally related to Plaintiff's injury by accident on December 29, 1993.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that on September 27, 1993, she sustained an injury by accident arising out of and in the course of her employment with Defendant. N.C.G.S. § 97-2 (6).
2. On December 29, 1993, Plaintiff sustained an injury by accident arising out of and in the course of her employment with Defendant. N.C.G.S. § 97-2 (6).
3. As a result of her December 29, 1993 injury by accident, Plaintiff incurred medical expenses on December 29, 1993, which were reasonably necessary to assess her medical condition and to effect a cure or give relief. N.C.G.S. §§ 97-2 (19), 97-25.
4. Since plaintiff missed only one week (seven days) of work following her accident of December 29, 1993, she is not entitled to receive any compensation. N.C.G.S. § 97-28.
5. Plaintiff has failed to prove by the greater weight of the evidence that her complaints of back pain after February 25, 1994, were causally related to her accident on December 29, 1993.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay Plaintiff's medical expenses for such treatment rendered on December 29, 1993 as was reasonably necessary to assess Plaintiff's condition and to effect a cure or give relief.
2. Under the law, Plaintiff's claim for any other benefits under the North Carolina Workers' Compensation Act must be and the same is hereby DENIED.
3. Defendant shall pay the costs.
 S/ ______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/rst 1/24/97